IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:13-CR-130-11 |
| ) | |
| GALLANT PHARMA ) | Hon. Claude M. Hilton |
| INTERNATIONAL INC., ) | |
| TALIB KHAN, ) | |
| SYED HUDA (a/k/a "Farhan Huda"), ) | |
| DEEBA MALLICK, ) | |
| MUNAJJ ROCHELLE, ) | |
| ROBERT WACHNA, ) | |
| HARVEY WHITEHEAD, ) | |
| PATRICIA DURR, ) | |
| LISA CORONITI, ) | |
| MIRWAISS AMINZADA, and ) | |
| ANOUSHIRVAN R. SARRAF, ) | |
| ) | |
| Defendants ) | |

## ORDER

Upon the motion of the defendant, ANOUSHIRVAN R. SARRAF, by and through counsel, and with the agreement of the government, by and through its counsel, it is hereby,

I. <u>Discovery and Inspection</u>

ORDERED pursuant to FED. R. CRIM. P. 16(a), that no later than seven calendar days before trial, unless for good cause shown:

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral

statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

It is further ORDERED that

5. The government shall disclose to the defendant no later than ten business days before trial, a written summary of testimony the government intends to use under Rules 702, 703, or 705, FEDERAL RULES OF EVIDENCE, at trial, unless the expert testimony is to be offered in response to a previously-noticed expert of a defendant, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is further ORDERED pursuant to FED. R. CRIM. P. 16(b), that upon government compliance with the foregoing,

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

8. The defendant shall disclose to the government no later than ten business days before trial, a written summary of testimony the defendant intends to use under Rules 702, 703, and 705, FEDERAL RULES OF EVIDENCE, as evidence at trial unless the expert testimony is to be offered in response to a previously-noticed expert of the government, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

## II. FEDERAL RULE OF EVIDENCE 404(b)

It is further ORDERED that, no later than seven calendar days before trial, the government shall provide notice to the defendant, in accordance with FED. R. EVID. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial, except that, upon motion of the government and for good cause shown, the court may excuse such pretrial notice.

## III. Brady Material

It is further ORDERED that the government shall comply with its obligations to produce promptly exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

## IV. Jencks/Giglio Materials

It is further ORDERED that, no later than five calendar days before trial, the government shall produce to the defendant the Jencks Act and Giglio materials for the witnesses who will testify in the government's case in chief.

Counsel for the defendant may disclose the contents of said Jencks Act and Giglio materials to his client, but may not provide his client with said documents or reproductions thereof.

At the request of the government and consistent with the ethical responsibilities of defense counsel, all Jencks Act, Giglio materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

It is further ORDERED pursuant to FED. R. CRIM. P. 26.2, that no later than five calendar days prior to trial, the defendant, by and through his counsel, shall produce to the government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

## V. Notice of Alibi

It is further ORDERED pursuant to FED. R. CRIM. P. 12.1 that, no later than 20 calendar days before trial, the defendant, by and through counsel, shall comply with Rule 12.1(a) if the defendant intends to offer a defense of alibi, and further that the defendant and the government shall comply with Rules 12.1(b) and (c) within the time period set out in those rules, except upon motion of the parties and for good cause shown.

## VI. Stipulations

It is further ORDERED that the parties shall file proposed stipulations with the Court no later than three business days before trial. Additional stipulations may be submitted thereafter by the parties upon approval by the Court.

                                                    /s/  
                                        Claude M. Hilton  
                                   United States District Judge

Date: Aug. 15, 2013  
Alexandria, Virginia

We ask for this:

/s/ Jonathan Simms  
Jonathan Simms, Esq.  
Counsel for Defendant

Neil H. MacBride  
United States Attorney

By: /s/ Lindsay Kelly  
Lindsay Kelly  
Assistant United States Attorney